UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IVAN HERNANDEZ MONTES,

   Plaintiff,

  v.

ICE FIELD OFFICE DIRECTOR,
FLORIDA SOFT SIDE SOUTH,
DIRECTOR,

   Defendants.

Case No. 2:26-cv-869-KCD-DNF

_____/

## ORDER

Petitioner Ivan Hernandez Montes has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued imprisonment violates the Fifth Amendment. Respondents oppose the petition. (Doc. 11.) For the reasons below, the petition is **DENIED**.

### I. Background

Montes is a native of Cuba who unlawfully entered the United States in 1993 and was paroled. (Doc. 11-1 at 1.) After arrests for assault and suspicion of second-degree murder, he was ordered removed from the United States in

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

1994. (Doc. 11-5.) When that removal did not come to fruition, he was placed on an order of supervision. (Doc. 11-4.)

On January 10, 2026, ICE determined it was appropriate to detain Montes once more. (Doc. 11-3.) The next day, a notice of the basis of the revocation of his release was provided. (Doc. 11-5.) He remains detained at the Florida Soft Side South detention facility.

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still

2

here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 659. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Montes cannot satisfy the initial temporal requirement. ICE took him into custody on January 10, 2026. Because he has been detained for just three months, he remains within the window in which his detention is presumptively reasonable. *See Guerra-Castro v. Parra*, Case No.

3

25-cv-22487-GAYLES, 2025 WL 1984300, at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months"); *see also Jiang v. Mukasey*, No. 2:08-cv-773-FtM-29DNF, 2009 WL 260378, at *2 (M.D. Fla. Feb. 3, 2009); *Noel v. Glades Cnty. Sheriff*, No. 2:11-cv698-FtM-29SPC, 2011 WL 6412425, at *2 (M.D. Fla. Dec. 21, 2011).

Seemingly recognizing this problem, Montes jumps to the burden-shifting framework, arguing that his removal is not likely in the foreseeable future. (Doc. 1 at 7.) This argument puts the cart before the horse. Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Montes also claims that ICE has failed to provide him adequate medical care and the prison conditions are inhumane. (Doc. 1 at 7.) To the extent this is an argument for habeas relief, it is summarily rejected. Challenges to conditions of confinement are not appropriately raised in the

4

habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").

Montes's due process claim under *Zadvydas* is not yet ripe, so the habeas petition is denied without prejudice to him refiling a new petition should his current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on April 17, 2026.

Kyle C. Dudek
United States District Judge